BITUMINOUS INSURANCE COMPANIES *et al.*, Plaintiff-Appellant, v. HAROLD RUPPENSTEIN, Defendant-Appellee.

First District (3rd Division) No. 86—0673

Opinion filed December 3, 1986.

D. Patterson Gloor and Michael G. Thomas, both of Cassiday, Schade & Gloor, of Chicago, for appellant.

Kenneth E. North, of Solomon, Rosenfeld, Elliott & Stiefel, Ltd., of Chicago, for appellee.

JUSTICE WHITE delivered the opinion of the court:

Plaintiff, Bituminous Insurance Companies (Bituminous), as subrogee of its insureds, Busy B. Architectural Products, Inc., and Jaco Products, Inc., brought this action under "An Act in relation to contribution among joint tortfeasors" (Ill. Rev. Stat. 1983, ch. 70, par. 301 *et seq.*) (hereinafter the Contribution Act), against insureds' subcontractor, Harold Ruppenstein, seeking contribution. Ruppenstein filed a motion to dismiss plaintiff's amended complaint which the trial court granted with prejudice. From that order Bituminous appeals.

■■ "It is well established that a motion to dismiss a complaint admits all facts properly pleaded [citation] but does not admit conclusions of law or conclusions of fact which are unsupported by allegations of the specific facts upon which the conclusions rest." (*Yale Development Co. v. Oak Park Trust & Savings Bank* (1975), 26 Ill. App. 3d 1015, 1018, 325 N.E.2d 418.) Plaintiff alleges in its amended complaint: (1) that Ruppenstein negligently performed his job of installing window units and caused certain material to fall 17 stories, hitting and injuring Matthew Sherlock; (2) that Sherlock retained legal counsel and made claim on all of the parties who were subject to liability in tort for the injury, including Ruppenstein; (3) that Bituminous Insurance Companies, as insurer of Busy B. Architectural Products, Inc., and of Jaco Products, Inc., entered into settlement negotiations with Sherlock and paid Sherlock $10,000 in full settlement of all claims; (4) that in return Bituminous obtained a release entered into in good faith, a copy of which was attached to the amended complaint, which states, "The aforementioned release was entered into in good faith and extinguished the liability of all parties to the present action;" and (5) that Ruppenstein as installer caused or contributed to Sherlock's injuries and has refused to contribute his *pro rata* share of the $10,000.

■■ ■ On appeal Ruppenstein defends the trial court order on the basis of Bituminous' "failure to make a preliminary showing of good faith," which Ruppenstein claims a tortfeasor who obtains a settlement must make to be entitled to contribution. The Contribution Act provides in relevant part:

> "(a) [W]here two or more persons are subject to liability in tort arising out of the same injury to person or property * * * there is a right of contribution among them, even though judgment has not been entered against any or all of them.
> * * *

(c) When a release or covenant not to sue \*\*\* is given in good faith to one or more persons liable in tort arising out of the same injury \*\*\* it does not discharge any of the other tortfeasors from liability for the injury \*\*\* unless its terms so provide but it reduces the recovery on any claim against the others to the extent of any amount stated in the release or the covenant, or in the amount of the consideration actually paid for it, whichever is greater.
     \*\*\*

(e) A tortfeasor who settles with a claimant pursuant to paragraph (c) is not entitled to recover contribution from another tortfeasor whose liability is not extinguished by the settlement.

(f) Anyone who, by payment, has discharged in full or in part the liability of a tortfeasor and has thereby discharged in full his obligation to the tortfeasor, is subrogated to the tortfeasor's right of contribution." (Ill. Rev. Stat. 1983, ch. 70, par. 302.)

"A cause of action for contribution among joint tortfeasors may be asserted by a separate action before or after payment, by counterclaim or by third-party complaint in a pending action." (Ill. Rev. Stat. 1983, ch. 70, par. 305.)

When read together these sections entitle an insurer to recover contribution from a joint tortfeasor where the insurer has settled with a claimant and has obtained a release, given in good faith, that extinguishes both the tort liability of its insured and the liability of another tortfeasor. (*Perez v. Espinoza* (1985), 137 Ill. App. 3d 762, 765, 484 N.E.2d 1232.) As observed in *Perez*, "The Act does not define good faith nor specify the type of proceedings for the determination of good faith." (137 Ill. App. 3d 762, 765, 484 N.E.2d 1232.) The issue of whether a release was given in good faith has been raised in different contexts. In *Perez* it was raised by a settling tortfeasor as a defense to a third-party action for further contribution. This was also true in *Wasmund v. Metropolitan Sanitary District* (1985), 135 Ill. App. 3d 926, 482 N.E.2d 351. In *Barreto v. City of Waukegan* (1985), 133 Ill. App. 3d 119, 478 N.E.2d 581, the nonsettling defendant objected to the dismissal of a defendant who had settled, contending that the settlement was not made in good faith. In these cases the court held that the settlement was obtained in good faith and was a defense to actions seeking to impose further liability. In *Perez* it was observed that "nothing is better calculated to frustrate and discourage settlements than the knowledge that the settlement lacks finality and will lead to further litigation and perhaps, to further liability." (*Perez v. Espinoza* (1985), 137 Ill. App. 3d 762, 765, 484 N.E.2d 1232.) This is equally true

whether the settlement is the basis of a defense or of a claim under the Contribution Act. In the instant case good-faith settlement is asserted as the basis for a claim against a nonsettling defendant. "Whether a person acted in good faith in a certain transaction is ordinarily a question of fact" (*Morris v. Anderson* (1970), 121 Ill. App. 2d 169, 172, 259 N.E.2d 601), not to be resolved on a motion to dismiss.

Defendant contends that "all claims of good faith by plaintiff remain unsupported by specific factual allegations and are based on improper and conclusory affidavits," and therefore plaintiff failed to present the requisite preliminary showing of good faith.

■ "Where there is a resolution of a claim by virtue of a release or covenant, a presumption of validity is created. [Citation.] Thereafter, the party challenging the release carries the burden of proving any assertion of invalidity." (*Wasmund v. Metropolitan Sanitary District* (1985), 135 Ill. App. 3d 926, 928, 482 N.E.2d 351.)

At the time the motion to dismiss was granted, there were before the court these pleaded, and therefore admitted, facts: the time, place, and circumstances of the accident and the amount paid claimant for the injuries received. In addition, there was an affidavit of claimant's lawyer stating that the settlement was a reasonable one and an affidavit by Bituminous' insurance adjuster that defendant Ruppenstein was told about the negotiations that led to the settlement.

■■ In support of his contention that Bituminous' $10,000 settlement was not entered into in good faith, Ruppenstein attached, as an exhibit to his motion to dismiss, a letter from claimant Sherlock's lawyer itemizing his special damages, which totalled only $1,515.20. Illinois has rejected the notion that the price of a settlement is the prime badge of its good or bad faith for the more sound approach that "a settlement will be considered in good faith when no tortious or wrongful conduct on the part of the settling [party] has been shown." *Lowe v. Norfolk & Western Ry. Co.* (1984), 124 Ill. App. 3d 80, 94, 463 N.E.2d 792.

Assuming *arguendo* that the law requires a preliminary showing of good faith as Ruppenstein contends, in view of the foregoing, we find that the trial court erred in holding such showing had not been made.

Accordingly, we reverse the order of the trial court dismissing the amended complaint and remand this case for further proceedings.

Reversed and remanded.

RIZZI, P.J., and McNAMARA, J., concur.