GERALD RUFFINO, Indiv. and as Adm'r of the Estate of Anthony Paul Ruffino, Deceased Minor, *et al.*, Plaintiffs, v. RICHARD HINZE *et al.*, Defendants (Chicago Park District, Defendant and Counterplaintiff-Appellant; Richard Hinze, Defendant and Counterdefendant-Appellee).

First District (3rd Division)   No. 1—87—3424

Opinion filed March 29, 1989.

Glessler, Flynn, Laswell, Fleischmann, Hughes & Socol, Ltd., of Chicago (Terence E. Flynn and William P. Jones, of counsel), for appellant.

Victor J. Piekarski and Ellen B. Dorf, both of Querrey & Harrow, Ltd., of Chicago, for appellee.

Harvey L. Walner & Associates, Ltd., of Chicago (Andrea Mayster Levin, of counsel), for *amicus curiae.*

JUSTICE WHITE delivered the opinion of the court:

On September 9, 1985, three-year-old Anthony Ruffino drowned after a car owned by Richard Hinze, his maternal grandfather, rolled into Lake Michigan from the Chicago Park District's Montrose Harbor sailboat storage area. Anthony's parents, Gerald and Pamela Ruffino, filed suit against the Chicago Park District (District) and Richard Hinze, alleging that their negligence was the cause of Anthony's death. The District filed a counterclaim against Hinze alleging that his negligence was the major and proximate cause of the accident. Subsequently, the Ruffinos and Hinze entered into a settlement agreement under which Hinze agreed to pay $157,500 in exchange for a release discharging him from all liability for Anthony's death. One hundred thousand dollars of the amount offered in settlement represented the limits of Hinze's personal automobile insurance

policy with Zurich-American Insurance Co. The remaining $57,500 was offered by Western American Insurance Co., under Hinze's homeowner insurance policy. This policy had a $300,000 limit per occurrence; however, Western American was contesting its liability to Hinze and had filed an action in Federal court seeking a declaration that the policy was not applicable to the accident. Western American and Hinze agreed that if the settlement offer was accepted and found to be in good faith, the Federal action would be dismissed.

The District opposed the settlement with Hinze, arguing that the absence of "meaningful" discovery in the record precluded the court from determining the relative liabilities of the parties and the existence of good faith. After hearing arguments, the court entered an order finding that the settlement was fair, reasonable, and proper and Hinze was dismissed from the action. The District appeals from the trial court's order on the ground that Hinze failed to establish that the settlement was made in good faith. The District argues that there was insufficient data upon which to base a finding of good faith and that the trial court's finding of good faith was not supported by the facts.

Section 2 of the Contribution Among Joint Tortfeasors Act (Act) (Ill. Rev. Stat. 1985, ch. 70, par. 302) provides that where two or more persons are subject to liability in tort arising out of the same wrongful death, there is a right of contribution among them. Section 2 also provides that a tortfeasor to whom a release or covenant not to sue is given in good faith is discharged from all liability for any contribution to any other tortfeasor.

■ The Act does not define good faith. However, the Illinois Supreme Court has stated that when determining whether an agreement was entered into in good faith, courts must take into account the entire circumstances surrounding the settlement. (*Ballweg v. City of Springfield* (1986), 114 Ill. 2d 107, 499 N.E.2d 1373.) Where a preliminary showing of good-faith settlement is made, a presumption of validity arises. (*Wasmund v. Metropolitan Sanitary District* (1985), 135 Ill. App. 3d 926, 482 N.E.2d 351; *Barreto v. City of Waukegan* (1985), 133 Ill. App. 3d 119, 478 N.E.2d 581.) Once the preliminary showing has been made, the burden shifts to the party opposing settlement, who must prove by clear and convincing evidence that the settlement is invalid. (*McKanna v. Duo-Fast Corp.* (1987), 161 Ill. App. 3d 518, 515 N.E.2d 157; *O'Connor v. Pinto Trucking Service, Inc.* (1984), 149 Ill. App. 3d 911, 501 N.E.2d 263; *Wasmund v. Metropolitan Sanitary District*, 135 Ill. App. 3d 926, 482 N.E.2d 351; *Barreto v. City of Waukegan,* 133 Ill. App. 3d 119,

478 N.E.2d 581.) In the present case, the trial court concluded that the District had failed to meet this burden. We agree with the court's conclusion.

The District argues that it should not be required to produce clear and convincing evidence that the agreement was invalid because Hinze failed to meet his preliminary burden of establishing good faith. The District points out that the purpose of the Act is to encourage settlements and to make an equitable apportionment of damages. (See *Lowe v. Norfolk & Western Ry. Co.* (1984), 124 Ill. App. 3d 80, 463 N.E.2d 792.) The District also points out that at the time the Ruffinos' petition to dismiss Richard Hinze was filed, the record contained only the initial pleadings, the Ruffinos' answers to interrogatories, and Hinze's responses to the District's request to admit facts. The District contends that the small amount of discovery material in the record[1] and the trial court's failure to hold an evidentiary hearing made it impossible to determine the relative liabilities of the parties or whether the settlement resulted in an equitable sharing of damages. The District claims that without such a determination, the trial court could not find that Hinze had met his burden of making a preliminary showing of good faith. We disagree.

---

[1]We note that the question of whether additional materials are necessary to make a finding of good faith is addressed to the trial court's discretion. (See *Dixon v. Northwestern Publishing Co.* (1988), 166 Ill. App. 3d 745, 520 N.E.2d 932; *Lowe v. Norfolk & Western Ry. Co.,* 124 Ill. App. 3d 80, 463 N.E.2d 792.) Here, the trial court refused to order further discovery and based its decision on the materials before it at the time of the hearing. We find no error or abuse of discretion in the trial court's action.

The District cites a number of Illinois cases in which the trial courts found good-faith settlements and argues that in those cases the settlements came on the eve of trial and after years of pretrial discovery. (*Ballweg v. City of Springfield,* 114 Ill. 2d 107, 499 N.E.2d 1373; *Lorenz v. Air Illinois, Inc.* (1988), 168 Ill. App. 3d 1060, 522 N.E.2d 1352; *McKanna v. Duo-Fast Corp.,* 161 Ill. App. 3d 518, 515 N.E.2d 157; *O'Connor v. Pinto Trucking Service, Inc.,* 149 Ill. App. 3d 911, 501 N.E.2d 263; *Doellman v. Warner & Swasey Co.* (1986), 147 Ill. App. 3d 842, 498 N.E.2d 690; *Wasmund v. Metropolitan Sanitary District,* 135 Ill. App. 3d 926, 482 N.E.2d 351; *Barreto v. City of Waukegan,* 133 Ill. App. 3d 119, 478 N.E.2d 581; *Lowe v. Norfolk & Western Ry. Co.,* 124 Ill. App. 3d 80, 463 N.E.2d 792; *Pell v. Victor J. Andrew High School* (1984), 123 Ill. App. 3d 423, 462 N.E.2d 858.) We have reviewed these cases and have failed to find one in which the trial court based its decision on the stage of the proceedings or on the amount of discovery in the record. Several of the cases (*Ballweg, Barreto,* and *Pell*) state only that the settlement was made "prior to trial," a statement which could be applied to the present case, and only one case (*Lowe*) mentions the amount of discovery engaged in prior to settlement. Thus, we find no merit to the District's claim that the lack of discovery precludes a finding of good faith.

In *Bituminous Insurance Cos. v. Ruppenstein* (1986), 150 Ill. App. 3d 402, 501 N.E.2d 907, this court noted that the presumption of validity is created whenever there is a resolution of a claim by virtue of a release or covenant. There, we concluded that because the trial court was advised by the pleadings of the time, place, and circumstances of the accident and had before it affidavits stating that the settlement was a reasonable one, the trial court erred in finding that a preliminary showing of good faith had not been made. (150 Ill. App. 3d at 405.) In addition, in *Barreto v. City of Waukegan,* a written motion to dismiss that stated that a settlement had been made in good faith was held sufficient to make the preliminary showing.

In the present case, as in *Ruppenstein,* the trial court had before it the parties' pleadings, setting forth the facts surrounding the accident. The court also had before it the Ruffinos' affidavit and motion to dismiss, which stated that a good-faith settlement in a fair and reasonably proper amount had been reached through good-faith negotiations with Richard Hinze. We believe that this was sufficient to make a preliminary showing of good faith.

The District urges us to follow the lead of California, where the courts after initially rejecting a test of good faith based on the possible final award now have adopted a "reasonable range" test, which focuses on considerations such as the plaintiff's probable recovery and the settlor's proportionate liability. (See *Tech-Bilt, Inc. v. Woodward-Clyde & Associates* (1985), 38 Cal. 3d 488, 698 P.2d 159, 213 Cal. Rptr. 256.) The District argues that because the Illinois and California contribution statutes are similar and because Illinois courts referred to California case law in their decisions rejecting the "ratio of settlement to final award" test, Illinois courts now should follow California case law in adopting the "reasonable range" test. Again we disagree.

Under *Tech-Bilt, Inc. v. Woodward-Clyde & Associates,* California courts consider a number of factors in determining good faith, placing emphasis on whether the settlement is within the range of the settlor's share of liability for the plaintiff's injuries. Illinois courts, which have adopted the totality of the circumstances test, have not been persuaded by the argument that there cannot be a determination of good faith unless there is a showing of the relative liabilities of the parties and have refused to place emphasis on any one factor as being determinative of good faith. (See *Barreto v. City of Waukegan,* 133 Ill. App. 3d 119, 478 N.E.2d 581; *Lowe v. Norfolk & Western Ry. Co.,* 124 Ill. App. 3d 80, 463 N.E.2d 792.) We believe this is the better approach and we decline to follow California's lead in foc-

using on relative liabilities and possible outcomes to the pending litigation.

◼ Applying the totality of the circumstances test to the present case, we find that there was a sufficient basis for the trial court's finding of good faith. Hinze's $157,500 settlement offer represented the full amount of his $100,000 automobile insurance policy, plus $57,500 offered under his homeowner's insurance policy.[2] The offer of $57,500 was conditional, and at the time of the hearing on the Ruffinos' motion to dismiss Hinze, the insurer was contesting its liability in a pending Federal court action. In light of these facts, we find that the trial court did not err in finding that the settlement offer was made in good faith.

The District's remaining arguments concern the failure of the trial court to hold an evidentiary hearing on the question of good faith. The District argues that the trial court's refusal to conduct an evidentiary hearing was reversible error and in violation of the District's due process rights.

◼ Initially, we note that the District failed to raise its constitutional argument in any of its pleadings before the trial court. Therefore, we find that the argument has been waived. See *Lorenz v. Air Illinois, Inc.*, 168 Ill. App. 3d 1060, 522 N.E.2d 1352.

◼ Further, the question of what is required before a finding of good-faith settlement may be made is left to the discretion of the trial court. (*Dixon v. Northwestern Publishing Co.*, 166 Ill. App. 3d 745, 520 N.E.2d 932; *Lowe v. Norfolk & Western Ry. Co.*, 124 Ill. App. 3d 80, 463 N.E.2d 792.) Illinois courts have held repeatedly that a separate evidentiary hearing is not required before a court may find that a settlement was made in good faith. *Lorenz v. Air Illinois, Inc.*, 168 Ill. App. 3d 1060, 522 N.E.2d 932; *Perez v. Espinoza* (1985), 137 Ill. App. 3d 762, 484 N.E.2d 1232; *Barreto v. City of Waukegan*, 133 Ill. App. 3d 119, 478 N.E.2d 581; *Lowe v. Norfolk & Western Ry. Co.*, 124 Ill. App. 3d 80, 463 N.E.2d 792.

◼ In the present case, the trial court reached its decision after considering the pleadings, motions, and affidavits of the parties and after hearing extensive arguments. This was an appropriate method for determining good faith (*Lorenz v. Air Illinois, Inc.*, 168 Ill. App. 3d 1060, 522 N.E.2d 932; *McKanna v. Duo-Fast Corp.*, 161 Ill. App. 3d 518, 515 N.E.2d 157; *Bituminous Insurance Cos. v. Ruppenstein*,

---

[2]Under the "reasonable range" test of *Tech-Bilt, Inc. v. Woodward-Clyde & Associates*, which the District urges us to adopt, the insurance policy limits of settling defendants is one of the factors considered in determining good faith.

150 Ill. App. 3d 402, 501 N.E.2d 907; *Barreto v. City of Waukegan,* 133 Ill. App. 3d 119, 478 N.E.2d 581), and the trial court did not err in refusing the District's request for an evidentiary hearing.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

FREEMAN, P.J., and RIZZI, J., concur.