MATHIAS BROWN, Plaintiff, v. UNION TANK CAR COMPANY, Defendant and Counterplaintiff and Counterdefendant and Third-Party Plaintiff-Appellant (Chevron Chemical Company, Defendant and Counterdefendant and Counterplaintiff and Third-Party Plaintiff-Appellee; Illinois Central Gulf Railroad Company et al., Defendants; Ethyl Petroleum Additives, Inc., f/k/a Edwin Cooper, Inc., Third-Party Defendant-Appellee; Paktank Corporation et al., Third-Party Defendants).

Fifth District   No. 5—88—0268

Opinion filed April 17, 1990.

358

Thompson & Mitchell, of Belleville (Thomas F. Hennessy III and Mark S. Schuver, of counsel), for appellant.

Funsch & Nussbaumer, of St. Louis, Missouri (Robert L. Nussbaumer and Robert J. Danis, of counsel), for appellee Ethyl Petroleum Additives, Inc.

Robert F. Finke, Lynne N. Raimondo, and Ira J. Belcove, all of Mayer, Brown & Platt, of Chicago, and John D. Wendler, of Belleville, for appellee Chevron Chemical Company.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Union Tank Car Company (Union), appeals from the order of the circuit court of St. Clair County dismissing with prejudice its third-party claim for contribution directed against Ethyl Petroleum Additives, Inc. (Ethyl), as a result of the settlement agreement between Chevron Chemical Company (Chevron) and plaintiff, Mathias Brown. This court affirms.

On December 28, 1983, plaintiff filed this action for personal injury against Chevron and others. On January 25, 1985, plaintiff filed his first amended complaint naming Union as an additional defendant. The complaint stated that plaintiff had injured himself on a tank car which was leased to Chevron by Union.

Initially, Chevron and Union agreed to a joint defense by Chevron's original law firm. On November 4, 1987, their attorney filed a third-party complaint seeking statutory contribution from Ethyl on all amounts that might be awarded to plaintiff from them. Union later withdrew from the joint defense arrangement. On December 23, 1987, before Ethyl filed an answer to the joint third-party complaint, Chevron's new counsel petitioned for leave to file an amended third-party complaint for Chevron only. The trial court granted the petition. Union did not file an amended third-party complaint.

On March 16, 1988, Union filed a counterclaim for contribution against Chevron. On April 12, 1988, Chevron filed a counterclaim for contribution against Union and also filed its amended third-party complaint adding more defendants.

On April 18, 1988, plaintiff and Chevron submitted to the court a proposed settlement agreement which stated in part:

"a) Defendant Chevron Chemical Company shall pay to plaintiff, Mathias Brown, the sum of $800,000.00 and sums set forth in subparagraph 'b)' in order to obtain a release of Chevron Chemical Company, Ethyl Petroleum Additives, Inc. and Paktank Corporation, and their predecessor and successor corporate affiliates and their present corporate affiliates;

b) Defendant Chevron Chemical Company has agreed to pay any and all existing worker's compensation liens existing in favor of Ethyl Petroleum Additives, Inc. and its past and present corporate affiliates, and has forwarded a letter to counsel for Ethyl Petroleum Additives, Inc., acknowledging the same."

The trial court found that the proposed settlement was entered into at arm's length and in good faith and entered an order approving it. The agreement entered into between plaintiff and Chevron constituted a complete settlement of any and all workers' compensation

claims which plaintiff had at that time or may have had in the future against Ethyl. In exchange for Ethyl's release of its liens against the proceeds paid under the settlement agreement, Chevron agreed to pay directly to Ethyl on behalf of plaintiff the amounts paid to plaintiff as workers' compensation. The court, upon approving the settlement, dismissed with prejudice Union's third-party action against Ethyl, Chevron's counterclaim against Union, and Union's counterclaim against Chevron. The court also entered an order of severance "as no prejudice will accrue to Ethyl *** due to the fact that the total of their liability is fixed" and determined that the only third-party action remaining against Ethyl was filed by Chevron seeking contribution and contractual indemnity.

When plaintiff proceeded to trial against Union, the trial court declared a mistrial because the jury was unable to reach a verdict. Union then filed its notice of appeal on May 17, 1988. Before plaintiff's case could be retried, on July 1, 1988, Union filed a release evidencing the fact that it had entered into a settlement agreement with plaintiff for $225,000, and reciting that plaintiff was releasing Union, Chevron and Ethyl and all others. The trial court entered an order finding that the agreement between plaintiff and Union was entered in good faith.

The crux of this appeal involves the interpretation of section 2 of "An Act in relation to contribution among joint tortfeasors" (Act) (Ill. Rev. Stat. 1987, ch. 70, par. 301 *et seq.*), which provides in part:

"(c) When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide but it reduces the recovery on any claim against the others to the extent of any amount stated in the release or the covenant, or in the amount of the consideration actually paid for it, whichever is greater.

(d) The tortfeasor who settles with a claimant pursuant to paragraph (c) is discharged from all liability for any contribution to any other tortfeasor.

(e) A tortfeasor who settles with a claimant pursuant to paragraph (c) is not entitled to recover contribution from another tortfeasor whose liability is not extinguished by the settlement." Ill. Rev. Stat. 1987, ch. 70, pars. 302(c), (d), (e).

In the recent case of *Henry v. St. John's Hospital* (1989), 180 Ill. App. 3d 558, 536 N.E.2d 221, the court discussed in detail the purpose of the Act. The court noted that the Act encourages settlements

and provides for contribution among joint tortfeasors. The Act also eliminates inequity between joint tortfeasors by allowing everyone to participate according to their fault in any accident. More importantly, the Act eliminated the rule that the release of one joint tortfeasor released all.

In this case, Union argues that the settlement agreement did not release its right to seek contribution from Ethyl. Union argues that the use of "release" in subsection (c) and "settles" in subsection (d) makes a clear distinction between tortfeasors who are released and those who settled with the claimant. Relying on the use of different words for each subsection, Union contends that "although a tortfeasor may be released from liability to the plaintiff, he must also 'settle' with the plaintiff in order to be discharged from contribution to other tortfeasors." Union contends that since Ethyl made no payment to plaintiff as a settlement, Union can seek contribution against Ethyl because Ethyl was only *released* from liability to plaintiff.

This court first notes that Ethyl states in its brief that it has paid plaintiff approximately $90,000 in workers' compensation benefits. The settlement agreement entered into by plaintiff and Chevron constituted a complete settlement of any and all workers' compensation claims which plaintiff may have against Ethyl. In return, Chevron agreed to pay directly to Ethyl any amounts paid to plaintiff as workers' compensation benefits. Ethyl then released its lien against the proceeds paid under the agreement.

In this court's view, Union misinterprets the purpose of the Act. Since our duty in construing statutes is to ascertain and give effect to the intention of the General Assembly, we will look at the entire statute and give the statute its ordinary meaning. (*Henry v. St. John's Hospital* (1989), 180 Ill. App. 3d 558, 565, 536 N.E.2d 221, 225-26.) The underlying purpose of the Act is to encourage finality in settlement; Union's interpretation and application would frustrate that purpose. The Act was enacted to eliminate the common law rule that a joint tortfeasor may be held liable for the whole amount and that a release given to one joint tortfeasor releases all joint tortfeasors. The Act seeks "to make an equitable apportionment of damages." (*Ruffino v. Hinze* (1989), 181 Ill. App. 3d 827, 830, 537 N.E.2d 871, 873.) When Chevron settled with plaintiff, it still maintained its right to contribution from Ethyl, whereas Union, who did not settle with plaintiff, is precluded from asserting a claim for contribution from Ethyl or Chevron. Section 2(c) provides, however, that a plaintiff can only recover from Union its proportionate share of the damages. Ill. Rev. Stat. 1987, ch. 70, par. 302(c).

Union also seeks to recover contribution from Ethyl, who has been released from liability to plaintiff. Union does not argue that Chevron may also seek contribution from Ethyl. Union's interpretation of the statute would not provide finality to any settlement. Furthermore, Ethyl could be in the position ultimately of contributing more than its equitable proportion of the damages, which frustrates the purpose of the Act.

The settlement agreement approved by the trial court was clear in its terms and explicit designation of parties. It was the intent of the General Assembly, in realistically assessing lawsuits and promoting their resolution by settlement, that parties, represented and dealing with other parties, will mention and therefore discharge those parties only when they intend to do so and intend the consequences of such discharge. This statutory scheme utilizes the parties' actions, with the control mechanism of a court's required findings of good faith, to achieve the legislative objectives of voluntary, final settlement of claims. Were we to adopt Union's interpretation of the statute, this legislative intent would be frustrated.

The trial court properly interpreted the Act as permitting Chevron to seek contribution from Ethyl. As section 2(e) provides, Chevron is entitled to recover contribution from Ethyl because Ethyl's liability to plaintiff has been extinguished by the settlement. (Ill. Rev. Stat. 1987, ch. 70, par. 302(e).) Union's argument also misinterprets the possible amount of recovery plaintiff may recover. As section 2(c) provides, Union is not liable for any more than its equitable apportionment of the damages; the effect of Union's argument would be to allow recovery of any amounts it paid for its own proportionate share of damages. Union's argument would create a never-ending set of counterclaims by other parties in Union's position seeking to recover against a party who has been released from liability. This court finds that the trial court did not err when it found that the settlement agreement was made in good faith and properly dismissed the various counterclaims.

For the foregoing reasons, the order of the circuit court of St. Clair County is affirmed.

Affirmed.

RARICK and HOWERTON, JJ., concur.