LINDA J. SNODDY, Special Adm'x of the Estate of Larry Snoddy, Deceased, *et al.*, Plaintiffs-Appellees, v. TEEPAK, INC., *et al.*, Defendants-Appellees (PPG Industries, Inc., *et al.*, Defendants-Appellants).

First District (1st Division)   No. 1—89—1049

Opinion filed May 14, 1990.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Daniel W. McGrath and Bruce L. Carmen, of counsel), for appellant PPG Industries, Inc.

Vedder, Price, Kaufman & Kammholz, of Chicago (Richard C. Robin and Jeanne M. Cole, of counsel), for appellant Stauffer Chemical Company.

Stevenson, Rusin & Friedman, Ltd., of Chicago, and Battle Fowler, of New York, New York (Stephen J. Friedman, Larry J. Chilton, Michael J. Malone, and Steven B. Carlin, of counsel), for appellee Teepak, Inc.

JUSTICE O'CONNOR delivered the opinion of the court:

On November 27, 1984, Linda Snoddy *et al.* (plaintiffs) filed a complaint alleging battery against Teepak, Inc. (Teepak). Subsequently, plaintiffs filed four amended complaints, which added additional plaintiffs and strict liability claims against Stauffer Chemical Company (Stauffer) and PPG Industries (PPG). Plaintiffs alleged that Stauffer and PPG manufactured or supplied one of the chemicals, used in the Teepak factory, that allegedly injured plaintiffs.

In July 1988, plaintiffs and Teepak reached a settlement (the

Plaintiff/Teepak Settlement). Teepak agreed to pay $191,000 and waive a $513,000 worker's compensation lien, for a total consideration of $704,000. Teepak then served and set for hearing its motion for a good-faith finding as to the settlement. Meanwhile, Stauffer and PPG filed counterclaims seeking contribution from Teepak.

On July 25, 1988, Teepak delivered to the parties plaintiffs' signed releases and completed settlement contract lump sum petitions and orders, which were being submitted to the Industrial Commission in the related workers' compensation dispute, also settled at this time. The releases included requisite language releasing Teepak and its management employees from liability; detailed "significant issues which pose substantial difficulties and obstacles to any recovery;" referred to Stauffer and PPG's allegations for contribution; and recited that the parties represented by counsel have, in good faith, evaluated the settlement and relied on the advice of chosen counsel. These settlement documents also contained facts concerning dates of alleged exposure, plaintiffs' ages, dependents, wages, the nature of the injuries, and plaintiffs' work status. They specifically note that temporary compensation and medical costs have not been provided. They also state the amounts paid and the disability ratings.

On July 27, 1988, a hearing was held in which Stauffer and PPG argued that discovery was necessary to challenge the good faith of the Plaintiff/Teepak Settlement. After the court stated that the standard for evaluating good faith was the absence of tortious conduct, a briefing schedule was set for the good faith motion.

After completing their briefs, Stauffer and PPG filed motions to compel outstanding discovery. In addition, PPG served notices of depositions on six Teepak employees and requested that each produce "any and all documents, objects, or tangible things which concern or relate to, the claims and causes of action filed by the several plaintiffs." When the motions to compel were heard on January 27, 1989, the court inquired about the nature and amount of discovery sought by Stauffer and PPG. PPG's attorney stated that "the depositions and documents were requested as 'a start.' After that we have some ability to come back and report to you as to what it is we are learning and what it is we think we need further."

On February 10, 1989, the court denied Stauffer and PPG discovery on the good-faith issue, ruled that enough had been heard so that an evidentiary hearing was not necessary, and approved the settlement because there was no evidence introduced regarding the settling party's tortious conduct. Accordingly, the court entered an order dismissing the counterclaims for contribution. Stauffer and PPG appeal.

■ Stauffer and PPG argue that the trial court erred in both determining that the Plaintiff/Teepak Settlement was entered into in good faith because there were outstanding discovery requests and by denying an evidentiary hearing. We disagree. Initially, the trial court properly presumed that the settlement was valid since there was a preliminary showing of good faith evidenced by Teepak's release. (*Bituminous Insurance Co. v. Ruppenstein* (1986), 150 Ill. App. 3d 402, 501 N.E.2d 907.) In determining good faith, the court considered all of the circumstances surrounding the settlement (*Ballweg v. City of Springfield* (1986), 114 Ill. 2d 107, 122, 499 N.E.2d 1373), including the parties' pleadings and the Plaintiff/Teepak Settlement, which set forth extensive facts. Once the preliminary showing had been made, the burden shifted to Stauffer and PPG to prove by clear and convincing evidence that the settlement was invalid by showing collusion or tortious or wrongful conduct. *Jachera v. Blake-Lamb Funeral Homes* (1989), 189 Ill. App. 3d 281, 288, 545 N.E.2d 314; *Ruffino v. Hinze* (1989), 181 Ill. App. 3d 827, 829, 537 N.E.2d 871, *appeal denied* (1989), 127 Ill. 2d 641, 545 N.E.2d 130; *McKanna v. Duo-Fast Corp.* (1987), 161 Ill. App. 3d 518, 515 N.E.2d 157.

■ ▌Further, the trial court did not abuse its discretion by finding the settlement in good faith, even though there were outstanding discovery requests, and by denying an evidentiary hearing. The question of whether additional materials are necessary to make a finding of good faith is subject to the trial court's discretion. (*Ruffino v. Hinze* (1989), 181 Ill. App. 3d 827, 832, 537 N.E.2d 871, *appeal denied* (1989), 127 Ill. 2d 641, 545 N.E.2d 130, citing *Dixon v. Northwestern Publishing Co.* (1988), 166 Ill. App. 3d 745, 751-52, 52 N.E.2d 932, *appeal denied* (1988), 123 Ill. 2d 556, 535 N.E.2d 400.) The trial court refused to compel the requested Stauffer and PPG discovery because its scope was broad and not calculated to develop specific probative evidence, regarding the issue of fraud, collusion, or tortious conduct. The discovery requests were merely a "fishing expedition," which would have been conducted with the hope of finding something relevant. Accordingly, there is no merit to defendants' claim that the lack of discovery precludes a finding of good faith. (*Ruffino v. Hinze* (1989), 181 Ill. App. 3d 827, 830, 537 N.E.2d 871, *appeal denied* (1989), 127 Ill. 2d 641, 545 N.E.2d 130.) Additionally, the trial court did not abuse its discretion by denying an evidentiary hearing because it had heard sufficient evidence through the pretrial process. Accordingly, we find no error or abuse of discretion in the trial court's action.

■ Stauffer and PPG then argue that the good-faith finding was

improper because the court did not consider the equitable apportionment of liability as a factor in determining good faith. We disagree. The circuit court is free to consider any probable recovery or even the possibility of an unexpected result. (*O'Connor v. Pinto Trucking Services, Inc.* (1986), 149 Ill. App. 3d 911, 916, 501 N.E.2d 263.) Consequently, the amount of a settlement might legitimately be far different from a damage award which results from full litigation. (*O'Connor v. Pinto Trucking, Inc.* (1986), 149 Ill. App. 3d 911, 916, 501 N.E.2d 263.) Here, the settlement was reached prior to trial, when both liability and the amount of damages recoverable by the plaintiffs were uncertain. Accordingly, the trial court did not err in concluding that the settlement was not substantially disproportionate since damages and liability were speculative. There is no basis to find that the Plaintiff/Teepak Settlement was not entered into in good faith.

■ Stauffer and PPG also argue that the good-faith finding does not protect their contribution rights as nonsettling defendants because the settlement fails to account for the relative fault of the parties. It appears that Stauffer and PPG contend that the settlement agreement should employ principles of comparative fault between joint tortfeasors, and the nonsettling defendants' liability should be reduced by the settling defendant's proportionate share of liability, rather than by the amount paid by the settling defendant. Stauffer and PPG's argument is inconsistent with the plain terms of the Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1987, ch. 70, par. 301 *et seq.*), in which the Illinois legislature has manifested its intent to promote settlement by clearly stating that the nonsettling defendant's amount shall be reduced by the settling defendant's amount. (Ill. Rev. Stat. 1987, ch. 70, par. 302(c).) Furthermore, it has been held that the Act is intended to protect those who settle from the hardest bargainer, who might hold the other litigants hostage to its own intransigence. *Jachera v. Blake-Lamb Funeral Homes* (1989), 189 Ill. App. 3d 281, 287, 545 N.E.2d 314, citing *Doellman v. Warner & Swasey Co.* (1986), 147 Ill. App. 3d 842, 851, 498 N.E.2d 690.

■ ■ Finally, Stauffer and PPG argue that they were denied due process by the dismissal of their contribution claim, contending that their cause of action for contribution is a protected property interest. Again, we disagree. Applied to Illinois through the fourteenth amendment, the due process clause of the fifth amendment protects the individual from State invasions of life, liberty or property. (*Fuentes v. Shevin* (1972), 407 U.S. 67, 32 L. Ed. 2d 556, 92 S. Ct. 1983.) The protections of the fourteenth amendment apply to accrued causes of actions, but do not apply to unaccrued causes of actions. (*Pitts v.*

*Unarco Industries, Inc.* (7th Cir. 1983), 712 F.2d 276, *cert. denied* (1983), 464 U.S. 1003, 78 L. Ed. 2d 698, 104 S. Ct. 509, citing *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 71 L. Ed. 2d 265, 102 S. Ct. 1148; *Silver v. Silver* (1929), 280 U.S. 117, 74 L. Ed. 221, 50 S. Ct. 57.) While it is true that contribution among joint tortfeasors is an *inchoate* right at the time of the injury (*Rakowski v. Lucente* (1984), 104 Ill. 2d 317, 321, 472 N.E.2d 791), the cause of action does not *accrue* until a tortfeasor pays more than his *pro rata* share. (*Stephens v. McBride* (1983), 97 Ill. 2d 515, 519, 455 N.E.2d 54.) Accordingly, Stauffer and PPG do not have a protected property interest upon which to base a due process claim, because they had an inchoate property interest which was abolished by the Plaintiff/Teepak Settlement before their rights accrued with respect thereto.

In conclusion, the trial court properly determined that the settlement was in good faith, the court did not abuse its discretion by denying Stauffer and PPG the requested discovery, and Stauffer and PPG were not denied due process.

Affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.