## Montgomery v. Mound Steel Corp.
*[Cite as 5 AOA 365]*

*Case No. CA89-08-046*
*Warren County, (12th)*
*Decided July 23, 1990*

*David M. Deutsch and David D. Hecht, E. S. Gallon & Associates, 1100 Miami Valley Tower, 40 West Fourth Street, Dayton, Ohio 45402, for Plaintiffs-Appellants.*

*Stephen J. Brewer and Stephen C. Lane, Brewer, Conney, Beane & Lane, 723 Dayton Street, Hamilton, Ohio 45011, for Defendant-Appellee.*

*Per Curiam.*

This cause came on to be heard upon an appeal, transcript of the docket, journal entries and original papers from the Warren County Court of Common Pleas, transcript of proceedings, briefs and oral arguments of counsel.

Now, therefore, the assignment of error having been fully considered is passed upon in conformity with App. R. 12(A) as follows:

This is an appeal by plaintiffs-appellants, Robert and Holly Montgomery, from a decision of the Warren County Court of Common Pleas granting defendant-appellant, Mound Steel Corporation's, motion to dismiss.

On August 15, 1986, Robert Montgomery was injured during the course of his employment with Mound Steel Corporation. On August 12, 1988, he filed a complaint alleging that Mound Steel had committed an intentional tort. Mound Steel filed a motion to dismiss pursuant to Civ. R. 12(B) (6) alleging that the Montgomerys' complaint was not filed within the one-year statute of limitations set forth in R.C. 4121.80(A). R.C. 4121.80(A) became effective on August 22, 1986, only seven days after the Montgomerys' cause of action accrued. The trial court granted Mound Steel's motion and dismissed the complaint on the authority of this court's decision in *Miracle v. Fujitec America, Inc.* (May 8, 1989), Warren App. No. CA88-10-075, unreported. In that case, we held that the one-year statute of limitations in R.C. 4121.80(A) is remedial and may be applied retroactively to causes of action which arose before the effective date of the statute as long as claimants are afforded a reasonable time in which to enforce their rights. This appeal followed.

In their sole assignment of error, the Montgomerys state that the trial court erred in failing to apply a two-year statute of limitations to their cause of action. They argue that for an intentional tort action which arises prior to August 22, 1986, the statute of limitations is two years and that *Fujitec* should be reconsidered in light of subsequent Ohio Supreme Court decisions. We find this assignment of error is well-taken.

Subsequent to our decision in *Fujitec,* the Ohio Supreme Court decided *Gambill v. Bonded Oil Co.* (1990), 52 Ohio St. 3d 90, which states in the syllabus:

"Except where circumstances clearly indicate a battery or other intentional tort specifically enumerated in the Revised Code, any cause of action alleging bodily injury as a result of an intentional tort by an employer

which arose prior to the effective date of R.C. 4121.80 is governed by the two-year statute of limitations codified at R.C. 2305.10. *(Hunter v. Shenango Furnace Co.* [1988], 38 Ohio St. 3d 235, 537 N.E. 2d 871, approved and followed.)"

In *Gambill,* the supreme court specifically rejected the analysis used in *Fujitec.* The court noted that in *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St. 3d 100, it had held that subsection (G) of the same statute could not be applied retroactively because it "imposes a new more difficult standard for actions alleging intentional torts" and therefore "runs afoul of the proscription against retroactive laws established in Section 28, Article II of the Ohio Constitution." The court went on to state that although subsection (A) was not held to be unconstitutionally retroactive in *Van Fossen,* "subsection (A) is so inextricably interwoven with the substantive portions of the statute that it too would violate Section 28, Article II if it were applied retrospectively ***."

Accordingly, *Fujitec* is no longer good law and the one-year statute of limitation in R.C. 4121.80(A) cannot be applied retroactively to the Montgomerys' cause of action which arose prior to the effective date of the statute. Rather, pursuant to *Gambill,* the two-year statute of limitations applies.

The Montgomerys' complaint was filed within that two-year statute of limitations and thus should not have been dismissed. Accordingly, the Montgomerys' assignment of error is sustained and the case is remanded for further proceedings.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

It is further ordered that a mandate be sent to the Warren County Court of Common Pleas for execution upon this judgment.

Costs to be taxed in compliance with App. R. 24.

And the court being of the opinion that there were reasonable grounds for this appeal, allows no penalty.

It is further ordered that a certified copy of this Memorandum Decision and Judgment

Entry shall constitute the mandate pursuant to App. R. 27.

To all of which the appellee, by its counsel, excepts.

YOUNG, P.J., HENDRICKSON and KOEHLER, J.J., concur.