JOHN LEE RUMMEL, Plaintiff, v. YAZOO MANUFACTURING COMPANY, Defendant and Third-Party Plaintiff-Appellant (Grayslake Community High School District No. 127, Third-Party Defendant-Appellee).

First District (3rd Division)   No. 1—90—2632

Opinion filed October 23, 1991.

French, Kezelis & Kominiarek, P.C., of Chicago (Michael J. Ross and Russell P. Veldenz, of counsel), for appellant.

Timothy D. McMahon and Thomas W. Weber, both of Weidner & McAuliffe, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE CERDA delivered the opinion of the court:

Plaintiff, John Lee Rummel, filed a products liability action against defendant, Yazoo Manufacturing Company, a corporation, in connection with injuries allegedly received from a lawn mower. Defendant appeals from dismissal of its third-party complaint for con-

tribution against plaintiff's employer, Grayslake Community High School District No. 127. Defendant argues that: (1) the statute of limitations for actions against municipalities did not bar its contribution action against third-party defendant; and (2) third-party defendant waived the statute of limitations by intervening in the underlying action.

Plaintiff filed a complaint on October 12, 1988, and alleged the following facts. Defendant designed, manufactured, and sold lawn mowing equipment. On or about September 15, 1987, plaintiff used a lawn mower sold by defendant in cutting grass on the premises of Grayslake Community High School. Plaintiff was injured when his foot became trapped in the lawn mower. The lawn mower was at the time of its design, manufacture, and sale, defective and unreasonably dangerous.

On November 28, 1988, Grayslake High School District No. 127 was given leave to intervene as subrogee of plaintiff, and it was ordered that judgment in favor of plaintiff was to be impressed with a lien in favor of Grayslake for the amount paid to plaintiff under Grayslake's insurance policy.

On February 15, 1990, defendant filed a third-party complaint against Grayslake that alleged that if liability were assessed against defendant, then defendant would be entitled to judgment against third-party defendant.

Third-party defendant filed a motion to dismiss the third-party complaint pursuant to section 2—619(a)(5) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(5)). It argued that the one-year statute of limitations in section 8—101 of the Local Governmental and Governmental Employees Tort Immunity Act (the Act) (Ill. Rev. Stat. 1989, ch. 85, par. 8—101) barred the third-party complaint.

The motion to dismiss was granted, and the third-party complaint was dismissed with prejudice. The trial court found that there was no just reason for delaying enforcement or appeal of the dismissal order. Defendant filed a timely appeal from the dismissal.

Defendant argues on appeal that: (1) the statute of limitations of one year for actions against municipalities (Ill. Rev. Stat. 1989, ch. 85, par. 8—101) does not apply to third-party contribution actions filed against municipalities because there is a specific statute of limitations of two years for contribution actions (Ill. Rev. Stat. 1989, ch. 110, par. 13—204); (2) if the Act controlled, the loss of protection to third-party defendant would be insignificant compared to defendant's loss of the right to contribution; (3) the legislative comments about "An

Act in relation to contribution among joint tortfeasors" (Ill. Rev. Stat. 1989, ch. 70, pars. 301 through 305) (the Contribution Act) indicated that statutory immunity should not prevail over the right to contribution; (4) permitting defendant to maintain its contribution action would be consistent with the policy of equitable distribution of loss among those responsible parties; (5) because the Act does not contain a statute of repose, distinguishable are the cases which hold that a contribution action not filed within the repose period is barred; (6) the right to contribution arises at the time of injury and does not accrue upon plaintiff's filing of the complaint but accrues when defendant pays or becomes obligated to pay more than its *pro rata* share; and (7) third-party defendant waived the statute of limitations by filing an intervening petition within the one-year period and by attending depositions so that third-party defendant received notice of all matters relating to the lawsuit.

●■ ■ Section 8—101 of the Act provides a one-year statute of limitations for civil actions against local governmental entities. (Ill. Rev. Stat. 1989, ch. 85, par. 8—101.) Civil action is defined as "any action, whether based upon the common law or statutes or Constitution of this State." (Ill. Rev. Stat. 1989, ch. 85, par. 8—101.) Section 13—204 of the Illinois Code of Civil Procedure provides that an action for contribution among joint tortfeasors for payment made in excess of a party's *pro rata* share must be commenced within two years after the party seeking contribution has made such payment towards discharge of his or her liability. (Ill. Rev. Stat. 1989, ch. 110, par. 13—204.) Where there is no pending suit initiated by the injured party, section 5 of the Contribution Act (Ill. Rev. Stat. 1989, ch. 70, par. 305) permits the assertion of a cause of action for contribution among joint tortfeasors in a separate action before or after payment. (*Laue v. Leifheit* (1984), 105 Ill. 2d 191, 196, 473 N.E.2d 939, 941.) But when there is a pending action, the contribution claim must be asserted in that action either by counterclaim or by third-party claim (*Laue*, 105 Ill. 2d at 196, 473 N.E.2d at 941) and then section 13—204 does not apply (*Hayes v. Mercy Hospital & Medical Center* (1990), 136 Ill. 2d 450, 459, 557 N.E.2d 873, 877).

The fourth district has held that section 8—101 applies to third-party contribution actions. (*Highland v. Bracken* (1990), 202 Ill. App. 3d 625, 630, 560 N.E.2d 406, 409-10.) The court held that the right of a contribution action exists in an inchoate form at the time of the injury but accrues when either payment is made or obligated or when an action is brought against defendant. (*Highland*, 202 Ill. App. 3d at 629, 560 N.E.2d at 411; see also *Bonfield v. Jordan* (1990), 202 Ill.

App. 3d 638, 642, 560 N.E.2d 412, 415 (contribution claim accrued when lawsuit filed against defendant).) The court stated, "Since an action for contribution is subject to applicable statutes of limitations [citations], and this contribution action was filed within the pending litigation and within a year of the filing of the original complaint, this action was timely under *Laue* and the Immunity Act." *Highland*, 202 Ill. App. 3d at 630, 560 N.E.2d at 409-10.

Other statutes of limitations or statutes of repose have been applied to third-party contribution actions. *Hayes*, 136 Ill. 2d at 457, 557 N.E.2d at 876 (medical malpractice, Ill. Rev. Stat. 1987, ch. 110, par. 13—212); *Roberson v. Belleville Anesthesia Associates, Ltd.* (1991), 213 Ill. App. 3d 47 (medical malpractice, Ill. Rev. Stat. 1989, ch. 110, par. 13—212); *Thompson v. Walters* (1991), 207 Ill. App. 3d 531, 532, 565 N.E.2d 1385, 1388 (products liability, Ill. Rev. Stat. 1987, ch. 110, par. 13—213); *Pederson v. West* (1990), 205 Ill. App. 3d 200, 203-05, 562 N.E.2d 578, 580-81 (medical malpractice, Ill. Rev. Stat. 1987, ch. 110, par. 13—212); *Rittenhouse v. Tabor Grain Co.* (1990), 203 Ill. App. 3d 639, 653, 561 N.E.2d 264, 274 (construction, Ill. Rev. Stat. 1983, ch. 110, par. 13—214); *Heneghan v. Sekula* (1989), 181 Ill. App. 3d 238, 242, 536 N.E.2d 963, 966 (medical malpractice, Ill. Rev. Stat. 1983, ch. 110, par. 13—212); *La Salle National Bank v. Edward M. Cohon & Associates, Ltd.* (1988), 177 Ill. App. 3d 464, 471, 532 N.E.2d 314, 319 (construction, Ill. Rev. Stat. 1989, ch. 110, par. 13—214); *Hartford Fire Insurance Co. v. Architectural Management, Inc.* (1987), 158 Ill. App. 3d 515, 518, 511 N.E.2d 706, 710 (construction, Ill. Rev. Stat. 1989, ch. 110, par. 13—214).

Defendant cites *Rakowski v. Lucente* (1984), 104 Ill. 2d 317, 472 N.E.2d 791, *Stephens v. McBride* (1983), 97 Ill. 2d 515, 455 N.E.2d 54, *Verson Allsteel Press Co. v. Major Spring & Manufacturing Co.* (1982), 105 Ill. App. 3d 419, 434 N.E.2d 456, and Comment, *Comparative Contribution: The Legislative Enactment of the Skinner Doctrine*, 14 J. Marshall L. Rev. 173 (Fall 1980). These cases did not address the issue of when a contribution claim arises for purposes of a statute of limitations. The law review article quoted legislative history that stated that the right of contribution is not barred by any common law or statutory immunity which would preclude the "prime claimant" from pursuing an action directly against the third-party defendant (14 J. Marshall L. Rev. at 193), but the numerous cases cited earlier have found that the legislature intended that a statute of limitations could bar a third-party contribution claim.

■ The statute of limitations in the Act was reduced to one year in order to accomplish the announced policy and purpose of bringing

claims against municipalities promptly. The broad language of the statute together with the pronounced legislative concern with governmental immunity are indicative that the legislature intended the limitation provisions of the Act to apply to a third-party plaintiff's right to contribution. We hold that the language of section 8—101 covering civil actions is inclusive and applies to a contribution action. In addition, section 8—101 controls here rather than section 13—204 because the former is more specific. See, *e.g., Heneghan,* 181 Ill. App. 3d at 241-42, 536 N.E.2d at 967 (medical malpractice statute of limitations is more specific than contribution statute of limitations).

■ In this case the date of injury was September 15, 1987, but the cause of action for contribution did not accrue on that date. On or about October 12, 1988, when plaintiff filed a complaint against defendant, the cause of action for contribution against third-party defendant accrued. Because defendant did not file a third-party complaint for contribution against third-party defendant until February 15, 1990, which was beyond the one-year statute of limitation, its cause of action expired against third-party defendant.

In its waiver argument, defendant relies on cases which involved a former requirement of the Act that local public entities receive notice within six months of the cause of action arising. (*Dunbar v. Reiser* (1976), 64 Ill. 2d 230, 356 N.E.2d 89; *Helle v. Brush* (1973), 53 Ill. 2d 405, 292 N.E.2d 372.) In *Helle* (53 Ill. 2d at 410, 292 N.E.2d at 375), in which defendant attempted to file a counterclaim against the plaintiff public entity without the required notice, the court held that the filing of the lawsuit by the public entity was a waiver of the Act's notice requirement. *Dunbar* (64 Ill. 2d at 237, 356 N.E.2d at 91-92), held that the filing of the complaint within the six-month period satisfied the Act's notice requirement. Neither case concerned the waiver of a statute of limitations. .

■ Although a statute of limitations can be waived, waiver is the purposeful relinquishment of a known right that can arise either expressly or by conduct inconsistent with an intent to enforce the right. (*Bailey v. Petroff* (1988), 170 Ill. App. 3d 791, 798-99, 525 N.E.2d 278, 283.) In *People ex rel. Foreman v. Village of Round Lake Park* (1988), 171 Ill. App. 3d 443, 449-50, 525 N.E.2d 868, 872, it was held that there was no waiver in raising the statute of limitations defense 4½ years after the action was filed where defendants sought and were granted leave to amend their answers. In *Morris v. City of Chicago* (1985), 130 Ill. App. 3d 740, 745, 474 N.E.2d 1274, 1279, the court held that a defense of statutory governmental immunity not raised until trial was not waived.

■ There is no indication that third-party defendant intended to waive the statute of limitations defense by intervening, and the defense did not become relevant until the third-party complaint was filed later. Section 8—101 provides that a civil action cannot be commenced against a local entity after one year's time (Ill. Rev. Stat. 1989, ch. 85, par. 8—101) and provides no exception for defendants who are on notice of the allegations. That third-party defendant was on notice of the matters relating to the lawsuit once it intervened therefore did not deprive it of the right to assert the statute of limitations defense.

The judgment of the circuit court is affirmed.

Affirmed.

RIZZI and GREIMAN, JJ., concur.