596 N.E.2d 176 (1992)
231 Ill. App.3d 493
172 Ill.Dec. 897
Craig CARLSON, Plaintiff,
v.
MOLINE BOARD OF EDUCATION, SCHOOL DISTRICT NO. 40, Moline, Illinois, Defendant and Third-Party Plaintiff-Appellant (Edstrom's, Inc., Third-Party Defendant-Appellee).
No. 3-91-0893.
Appellate Court of Illinois, Third District.
July 7, 1992.
*177 John F. Doak, argued and Martin H. Katz, Katz, McAndrews, Balch & Lefstein, P.C., Rock Island, for Moline Bd. of Educ.
Joan Scaia, argued and John V. Patton, Bozeman, Neighbour, Patton & Noe, Moline, for Edstrom's, Inc.
Justice SLATER delivered the opinion of the court:
More than 10 years ago, on March 2, 1982, plaintiff Craig Carlson was severely injured when a group of lockers fell on him at Moline Senior High School. Plaintiff was employed by third-party defendant *178 Edstrom's, Inc. (Edstrom), which had contracted with defendant/third-party plaintiff Moline Board of Education, School District No. 40 (the Board) to perform certain work, including the removal of floor tile and underlayment and removal and reinstallation of lockers. Plaintiff's original complaint against the Board was filed on August 13, 1982. The circuit court subsequently dismissed portions of plaintiff's complaint. Plaintiff appealed to this court pursuant to Supreme Court Rule 304(a) (134 Ill.2d R. 304(a)) and we affirmed on June 6, 1984. (Carlson v. Moline Board of Education, School District No. 40 (1984), 124 Ill. App.3d 967, 80 Ill.Dec. 256, 464 N.E.2d 1239.) Thereafter followed periods of pretrial activity, or a lack thereof, including discovery and various motions. On March 7, 1989, the Board filed a motion for leave to file a third-party complaint for contribution against Edstrom, which was granted on March 16, 1989. On July 19, 1991, Edstrom filed a motion for summary judgment, alleging that the Board's contribution action was barred by the two year statute of limitations contained in section 13-214(a) of the Code of Civil Procedure (Ill.Rev.Stat. 1983, ch. 110, par. 13-214(a) (subsequently amended by Pub. Act 84-551, § 54A, eff. Sept. 18, 1985, extending the limitations period to four years)). The circuit court granted Edstrom's motion for summary judgment on September 25, 1991, and this appeal followed pursuant to Supreme Court Rule 304(a). Thus this case is before us for the second time, a decade after plaintiff was injured, while the underlying claim remains unresolved.
The Board contends that its complaint should not have been dismissed as time barred. The Board maintains that section 5 of the Contribution Act (Ill.Rev.Stat.1989, ch. 70, par. 305), section 13-204 of Code of Civil Procedure (Ill.Rev.Stat.1989, ch. 110, par. 13-204) and our supreme court's decision in Laue v. Leifheit (1984), 105 Ill.2d 191, 85 Ill.Dec. 340, 473 N.E.2d 939, govern contribution actions and preclude application of the two year statute of limitation contained in section 13-214(a). We disagree.
Section 5 of the Contribution Act provides:
"Enforcement. A cause of action for contribution among joint tortfeasors may be asserted by a separate action before or after payment, by counterclaim or by third-party complaint in a pending action." Ill.Rev.Stat. 1989, ch. 70, par. 305.
In Laue the supreme court interpreted the language in section 5 and held that if there is a pending action, then a party seeking contribution must assert a claim by counterclaim or by third-party claim in that action. (Laue, 105 Ill.2d at 196, 85 Ill.Dec. at 342-43, 473 N.E.2d at 941-42.) However, as the court later explained in Hayes v. Mercy Hospital and Medical Center (1990), 136 Ill.2d 450, 145 Ill.Dec. 894, 557 N.E.2d 873, Laue merely established a procedural requirement that contribution actions must be filed during the pendency of the underlying direct action. It "does not hold that all actions for contribution brought within the time an underlying suit is pending are timely filed." Hayes, 136 Ill.2d at 460, 145 Ill.Dec. at 898-99, 557 N.E.2d at 877-78.
In Hayes the court held that the medical malpractice statute of repose (Ill.Rev.Stat. 1987, ch. 110, par. 13-212(a)) applied to a contribution claim brought against physicians for medical negligence where the underlying complaint also alleges medical negligence. The court examined the language of section 13-212(a), which provides:
"Physician or hospital. (a) Except as provided in Section 13-215 of this Act, no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or *179 occurrence alleged in such action to have been the cause of such injury or death." (Emphasis added.) Ill.Rev.Stat.1987, ch. 110, par. 13-212(a).
The Hayes court first determined that an "action for damages" included a third-party action for contribution. The court then considered the meaning of the phrase "or otherwise" and stated:
"Because a suit for contribution against the insured for damages arising out of patient care exposes insurance companies to the same liability as if the patient were to have brought a direct action against the insured, we believe that the term "or otherwise" in the medical malpractice statute of repose includes actions for contribution against a physician for injuries arising out of patient care. * * * The inclusion of the term "or otherwise" following more restrictive language in the statute seems to us to indicate that the legislature intended the term to be all-inclusive. We believe that the term demonstrates the General Assembly's desire at the time it originally enacted the statute to limit a physician's exposure to liability for damages for injury or death arising out of patient care under all theories of liability, whether then existing or not." Hayes, 136 Ill.2d at 458-59, 145 Ill.Dec. at 898, 557 N.E.2d at 877.
The statutory section at issue in this case provides:
"Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 2 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission." (Emphasis added.) Ill. Rev.Stat.1983, ch. 110, par. 13-214(a).
Despite the Board's claim that the statute of limitations at issue in this case should be construed differently from the statute of repose interpreted in Hayes, we find that the term "or otherwise" has the same meaning in section 13-214(a) as it does in the medical malpractice statute of repose. In construing a statute the court must ascertain and give effect to the legislative intent in enacting the statute and looks to the language of the statute itself as the best indication of the intent of the drafters. (Kirwan v. Welch (1989), 133 Ill.2d 163, 139 Ill.Dec. 836, 549 N.E.2d 348.) In addition, the court may consider the reason and necessity for the law, the evils sought to be remedied and the purpose to be achieved. People v. Chandler (1989), 129 Ill.2d 233, 135 Ill.Dec. 543, 543 N.E.2d 1290.
In Hartford Fire Insurance Co. v. Architectural Management, Inc. (1987), 158 Ill.App.3d 515, 110 Ill.Dec. 529, 511 N.E.2d 706, the court examined the legislative debates preceding the passage of section 13-214 and found that the legislature intended to include contribution actions within the scope of the repose provision of the statute. That section provided:
"No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 12 years have elapsed from the time of such act or omission. However, any person who discovers such act or omission prior to expiration of 12 years from the time of such act or omission shall in no event have less than 2 years to bring an action as provided in subsection (a) of this Section." (Emphasis added.) Ill.Rev.Stat. 1983, ch. 110, par. 13-214(b).
The Board maintains that Hartford is distinguishable, however, because it interpreted the repose provision of section 13-214 rather than the limitation provision at issue here. We agree, however, with the decision in La Salle National Bank v. Edward M. Cohon & Associates, Ltd. (1988), 177 Ill.App.3d 464, 126 Ill.Dec. 629, 532 N.E.2d 314, which rejected a similar argument, finding that "the statute of repose of section 13-214(b) must be read in conjunction with the statute of limitations of section 13-214(a). [Citation.] [The] distinction *180 between the statute of limitations and statute of repose does not change the result of this case." La Salle, 177 Ill.App.3d at 472, 126 Ill.Dec. 629, 532 N.E.2d 314; see also Board of Library Directors v. Skidmore, Owings & Merrill (1991), 215 Ill.App.3d 69, 158 Ill.Dec. 756, 574 N.E.2d 869 (section 13-214(a) statute of limitations applies to third-party actions).
The same or substantially the same words or phrases used in different sections of a statute should be given a consistent meaning absent a clear legislative intent to the contrary. (Mirabella v. Retirement Board of the County Employees' Annuity and Benefit Fund (1990), 198 Ill.App.3d 971, 145 Ill.Dec. 68, 556 N.E.2d 686; Village of South Elgin v. City of Elgin (1990), 203 Ill.App.3d 364, 149 Ill.Dec. 17, 561 N.E.2d 295.) The repose and limitation provisions of section 13-214 employ identical language ("based upon tort, contract or otherwise") when describing the types of actions to which those subsections apply. Hartford found that the repose provision was intended to apply to contribution actions and there is no indication that the limitation provision was intended to exclude such actions from its reach. We hold, therefore, that the limitation provision of section 13-214(a) applies to actions for contribution based on an act or omission in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property. Cf. Rummel v. Yazoo Manufacturing Co. (1991), 222 Ill.App.3d 526, 164 Ill.Dec. 465, 583 N.E.2d 19 (one year statute of limitations for action against local governmental entities (Ill.Rev.Stat.1989, ch. 85, par. 8-101) applies to contribution actions).
The Board argues, however, that contribution actions should be governed by the limitations period provided in section 13-204 of the Code of Civil Procedure, which provides:
"Contribution among tortfeasors. No action for contribution among joint tortfeasors shall be commenced with respect to any payment made in excess of a party's pro rata share more than 2 years after the party seeking contribution has made such payment towards discharge of his or her liability." Ill.Rev.Stat.1989, ch. 110, par. 13-204.
The Board contends that section 13-204 should prevail over section 13-214 because it is the more specific provision and because applying the latter section renders the former section meaningless. The plaintiffs in Hayes proferred a similar argument, contending that section 13-204 superseded the medical malpractice statute of repose because a specific statutory provision relating to a specific subject prevails over a conflicting general provision. The supreme court disagreed, finding that reliance on section 13-204 was misplaced. "Section 5 of [the Contribution Act] rather than section 13-204 of the Illinois Code of Civil Procedure, applies to actions for contribution when a direct action is pending." (Hayes, 136 Ill.2d at 459, 145 Ill.Dec. at 898, 557 N.E.2d at 877.) Based on Hayes, it appears that section 13-204 has no application to a contribution action when that action was filed, as here, during the pendency of the underlying suit. (See Rummel, 222 Ill.App.3d at 529, 164 Ill.Dec. at 467, 583 N.E.2d at 21.) Therefore we need not address the Board's argument with regard to section 13-204.
In view of our holding, we find that the trial court was correct in granting Edstrom's motion for summary judgment. Plaintiff's original complaint against the Board was filed on August 13, 1982, and the Board was served on August 16, 1982. The Board's third-party complaint was filed on March 16, 1989, more than six years later. Ordinarily, the limitation period for a contribution claim will begin to run when the underlying complaint is filed or on the date of service of the complaint upon the defendant/third-party plaintiff. (See La Salle, 177 Ill.App.3d at 471, 126 Ill.Dec. at 629, 532 N.E.2d at 319 (a court may consider, in an appropriate case, the date of service of the complaint rather than the date of filing).) In the majority of cases, we believe, knowledge of the existence of the underlying suit is sufficient notice to the defendant/third-party plaintiff to satisfy the statutory requirement that the person *181 bringing an action "knew or should reasonably have known" of the act or omission giving rise to a contribution action (Ill.Rev. Stat.1983, ch. 110, par. 13-214(a)). It is conceivable, however, that in a particular case a defendant may be justifiably unaware at the commencement of the underlying suit that the acts or omissions of a third party contributed to the plaintiff's injury. In such a case the limitation period would not begin to run until a third-party plaintiff knew or reasonably should have known of the acts or omissions of the third-party defendant. There is no indication that this is such a case, however, and therefore we find that the Board's third-party complaint was untimely.
Finally, the Board maintains that a "new rule" applying section 13-214(a) should be applied prospectively only. The Board argues that the decisions in La Salle and Board of Library Directors were cases of first impression that were not foreshadowed by prior case law. The Board also contends that it relied on Laue for the proposition that its contribution action was timely filed and that it will suffer injustice and hardship as a result of the change in this "established precedent."
While, as a general rule, a decision will be applied retrospectively, a court has the inherent power to determine whether its decision shall be prospectively or retroactively applied. (Larrance v. Illinois Human Rights Comm'n (1988), 166 Ill.App.3d 224, 117 Ill.Dec. 36, 519 N.E.2d 1203.) The threshold inquiry in determining prospective application is whether the decision establishes a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. (Elg v. Whittington (1987), 119 Ill.2d 344, 116 Ill.Dec. 252, 518 N.E.2d 1232.)
"If this criterion is met, the question of prospective or retroactive application will be answered by considering: (1) whether, given the purpose and prior history of the rule, its operation will be retarded or promoted by prospective or retroactive application and (2) whether prospective application is mandated by the balance of equities." Elg, 119 Ill.2d at 357, 116 Ill.Dec. at 258, 518 N.E.2d at 1238.
In this case the initial criterion for prospective application has not been met. The decisions in La Salle and Board of Library Directors were clearly foreshadowed in Hartford, which was decided more than a year and a half before the Board sought leave to file its third-party complaint. Moreover, judicial construction of a statute does not necessarily constitute a change in the law. (Larrance, 166 Ill. App.3d at 230, 117 Ill.Dec. at 41, 519 N.E.2d at 1208; see Rothe v. Maloney Cadillac, Inc. (1988), 119 Ill.2d 288, 116 Ill.Dec. 207, 518 N.E.2d 1028 (prior opinion construing provisions of Magnuson-Moss Warranty Act for the first time did not create a new rule of law).) With respect to the Board's reliance on Laue, it is clear that such reliance was misplaced, since Laue did not hold that all actions for contribution brought within the pendency of an underlying suit are timely. (Hayes, 136 Ill.2d at 460, 145 Ill.Dec. at 898-99, 557 N.E.2d at 877-78.) Thus neither La Salle, Board of Library Directors nor this decision overrules any clear past precedent. Finally, even if prospective application was warranted, it would not change the outcome of this case. Where a new rule is applied prospectively, the holding of the court nevertheless controls the case at bar. John Carey Oil Co. v. W.C.P. Investments (1988), 126 Ill.2d 139, 127 Ill.Dec. 769, 533 N.E.2d 851.
For the reasons stated above, the judgment of the circuit court is affirmed.
Affirmed.
BARRY, P.J., and HAASE, J., concur.