627 N.E.2d 249 (1993)
254 Ill. App.3d 1066
194 Ill.Dec. 133
Nanette CLARDY, Plaintiff,
v.
RAPISTAN DIVISION OF LEAR SIEGLER, INC., Defendant, Third Party Plaintiff-Appellant (Kar Products, Inc., Third Party Defendant-Appellee).
No. 1-92-0675.
Appellate Court of Illinois, First District, Sixth Division.
September 30, 1993.
*250 William G. Beatty and Charles P. Rantis, of Johnson & Bell, Chicago, for appellant (Thomas H. Fegan, of counsel).
William J. Taylor and William J. Taylor, Jr. of Taylor and Taylor; and Richard R. Winter of McBride, Baker & Coles, Chicago, for appellee.
Justice GIANNIS delivered the opinion of the court:
Third-party plaintiff, Rapistan Division of Lear Siegler, Inc. (Rapistan), filed a complaint seeking contribution from third-party defendant, Kar Products, Inc. (Kar), during the pendency of an underlying negligence suit. The sole issue on appeal is whether Rapistan's contribution claim against Kar is time-barred.
Plaintiff in the underlying case, Nanette Clardy (Clardy), commenced an action against defendant, Rapistan, on June 2,1986. In her two-count complaint, Clardy alleged that she had been injured at her place of employment on June 25, 1985, by equipment manufactured by Rapistan. Count I of Clardy's complaint sounded in negligence; count II sounded in strict liability. Clardy's strict liability count was subsequently dismissed leaving her with only a negligence action against Rapistan.
On November 26, 1990, during the pendency of the underlying action, Rapistan filed a third-party complaint against Kar pursuant to leave of court. In this complaint Rapistan alleged that Kar had failed to provide proper training to Clardy with regard to the equipment manufactured by Rapistan. Rapistan sought contribution from Kar for any amount which Rapistan might eventually have to pay in excess of its pro rata share of common liability.
On June 3, 1991, Kar filed a motion for judgment on the pleadings with respect to Rapistan's third-party complaint along with a memorandum of law supporting the motion. Kar contended that although Rapistan's contribution claim was filed during the pendency of Clardy's action, Rapistan's claim was time-barred by the two-year statute of limitations *251 for contribution set forth in section 13-204 of the Illinois Code of Civil Procedure (Code). Ill.Rev.Stat.1991, ch. 110, par. 13-204.
Rapistan filed a memorandum of law in opposition to Kar's motion for judgment on the pleadings. Rapistan contended that because no payment had been made by it following judgment or for settlement as to Clardy's case, the two-year statute of limitations set forth in section 13-204 of the Code had not yet begun to run. Kar responded and the trial court held a hearing October 31, 1991, on the issue of whether Rapistan's third-party complaint was time-barred. The trial court held that section 13-204 of the Code applied to Rapistan's claim and dismissed its complaint against Kar. The trial court also found there to be no just cause to delay the appeal of its order pursuant to Supreme Court Rule 304(a).
On November 26, 1991, within 30 days of the judgment order, Rapistan filed a motion for reconsideration of the court's order, which motion was denied on January 30, 1992. On the following day Rapistan filed its notice of appeal.
Rapistan brought its third-party action against Kar pursuant to Section 5 of the Contribution Act which states:
"Enforcement. A cause of action for contribution among joint tortfeasors may be asserted by a separate action before or after payment, by counterclaim or by third-party complaint in a pending action." (Ill.Rev.Stat.1991, ch. 70, par. 305.)
Although the Contribution Act itself does not limit the time period in which a joint tortfeasor may commence an action, Section 13-204 of the Code states:
"Contribution among tortfeasors. No action for contribution among joint tortfeasors shall be commenced with respect to any payment made in excess of a party's pro rata share more than 2 years after the party seeking contribution has made such payment towards discharge of his or her liability." (Ill.Rev.Stat.1991, ch. 110, par. 13-204.)
Also relevant to our disposition of this case is section 13-202 of the Code which states in pertinent part:
"Personal InjuryPenalty. Actions for damages for an injury to the person * * * shall be commenced within 2 years next after the cause of action accrued." Ill.Rev. Stat.1991, ch. 110, par. 13-202.
An analysis of whether Rapistan's contribution action is timely must begin with the case of Laue v. Leifheit (1984), 105 Ill.2d 191, 85 Ill.Dec. 340,473 N.E.2d 939. In Laue, the supreme court determined that the language "in a pending action" found in section 5 of the Contribution Act required a party seeking contribution to bring his or her claim during the pendency of the underlying suit, if there is one. (Laue, 105 Ill.2d at 196, 85 Ill.Dec. 340, 473 N.E.2d 939.) The requirement that an action for contribution be brought during the pendency of the underlying suit is merely a starting point, however. Compliance with the rule set out by Laue does not mean that Rapistan's claim is timely. Hayes v. Mercy Hospital and Medical Center (1990), 136 Ill.2d 450, 459-60, 145 Ill.Dec. 894, 557 N.E.2d 873; Highland v. Bracken (1990), 202 Ill.App.3d 625, 630, 148 Ill.Dec. 104, 560 N.E.2d 406.
Third-party plaintiffs have sometimes argued that the language of Code section 13-204 enables them to bring a contribution claim at any time within two years of their making a payment in excess of their pro rata share. (See e.g., Caballero v. Rockford Punch Press and Manufacturing Co., 244 Ill.App.3d 333, 335, 185 Ill.Dec. 228, 614 N.E.2d 362, (1st Dist., 1993); Rummel v. Yazoo Manufacturing Co. (1991), 222 Ill. App.3d 526, 528,164 Ill.Dec. 465, 583 N.E.2d 19.) This argument, however, was rejected in Hayes. In Hayes the court stated that reliance on section 13-204 of the Code was misplaced and that section 5 of the Contribution Act, rather than section 13-204 of the Code, applies to actions for contribution when a direct action is pending. (Hayes, 136 Ill.2d at 459, 145 Ill.Dec. 894, 557 N.E.2d 873.) Subsequent decisions have followed this reasoning, emphasizing that section 13-204 is inapplicable after an underlying direct action is pending. (Caballero, 244 Ill.App.3d at 336, 185 Ill.Dec. 228, 614 N.E.2d 362; Carlson v. Moline Board of Education (1992), 231 Ill.App.3d 493, 498, 172 Ill.Dec. *252 897, 596 N.E.2d 176; Rummel, 222 Ill.App.3d at 529, 164 Ill.Dec. 465, 583 N.E.2d 19.) Only in the case of Highland v. Bracken (1990), 202 Ill.App.3d 625, 148 Ill.Dec. 104, 560 N.E.2d 406, a post-Hayes decision, does it appear that a reviewing court has applied section 13-204 to a contribution claim filed during the pendency of an underlying suit. The Highland case did so, however, without discussion. Highland, 202 Ill.App.3d at 633, 148 Ill.Dec. 104, 560 N.E.2d 406.
In the instant case, the trial court dismissed Rapistan's contribution claim pursuant to section 13-204 of the Code. The cases cited immediately above, however, indicate that section 13-204 became inapplicable to Rapistan's contribution claim once Clardy filed its claim against Rapistan. Even were this not the case, the trial court clearly erred in dismissing Rapistan's claim under this section because it is undisputed that Rapistan, "the party seeking contribution," has made no payment to Clardy or anyone towards the discharge of its potential liability. See Ill. Rev.Stat.1991, ch. 110, par. 13-204.
A trial court's dismissal of a complaint based upon a mistake or error of law does not necessarily require reversal of the case. A reviewing court may sustain a judgment on any grounds called for in the record, regardless of the grounds relied upon by the trial court. (Landmarks Preservation Council v. City of Chicago (1988), 125 Ill.2d 164, 174,125 Ill.Dec. 830, 531 N.E.2d 9; Estate of Johnson v. Condell Memorial Hospital (1988), 119 Ill.2d 496, 502,117 Ill.Dec. 47, 520 N.E.2d 37.) The question thus becomes whether section 13-202, the section of the Code applied to actions involving personal injury claims, prevents Rapistan from bringing its third-party claim. Kar raised section 13-202 at the hearings before the trial court and notes that other statutes of limitations or statutes of repose have been applied to third-party contribution actions. E.g. Hayes, 136 Ill.2d 450, 145 Ill.Dec. 894, 557 N.E.2d 873 (medical malpractice repose, Ill.Rev.Stat. 1991, ch. 110, par. 13-212(a); Vogt v. Corbett (1990), 138 Ill.2d 482, 150 Ill.Dec. 560, 563 N.E.2d 447 (same); Roberson v. Belleville Anesthesia Associates (1991), 213 Ill.App.3d 47, 157 Ill.Dec. 112, 571 N.E.2d 1131 (same);
Pederson v. West (1990), 205 Ill.App.3d 200, 150 Ill.Dec. 48, 562 N.E.2d 578 (same); Antunes v. Sookhakitch (1992), 146 Ill.2d 477, 167 Ill.Dec. 981, 588 N.E.2d 1111 (medical malpractice repose, action by a minor, Ill. Rev.Stat.1991, ch. 110, par. 13-212(b); Hartford Fire Insurance Co. v. Architectural Management, Inc. (1987), 158 Ill.App.3d 515, 110 Ill.Dec. 529, 511 N.E.2d 706 (construction repose, Ill.Rev.Stat.1989, ch. 110, par. 13-214(b); Thompson v. Walters (1991), 207 Ill. App.3d 531,152 Ill.Dec. 467, 565 N.E.2d 1385 (products liability repose, Ill.Rev.Stat.1987, ch. 110, par. 13-213); Highland, 202 Ill. App.3d 625, 148 Ill.Dec. 104, 560 N.E.2d 406 (governmental tort immunity limitation, Ill. Rev.Stat.1991, ch. 85, par. 8-101); Rummel, 222 Ill.App.3d 526, 164 Ill.Dec. 465, 583 N.E.2d 19 (same); Carlson (1992), 231 Ill. App.3d 493, 172 Ill.Dec. 897, 596 N.E.2d 176 (construction limitation, Ill.Rev.Stat.1983, ch. 110, par. 13-214(a); Board of Library Directors v. Skidmore, Owings & Merrill (1991), 215 Ill.App.3d 69,158 Ill.Dec. 756, 574 N.E.2d 869 (same); La Salle National Bank v. Edward M. Cohon & Associates, Ltd. (1988), 177 Ill.App.3d 464, 126 Ill.Dec. 629, 532 N.E.2d 314 (same).
Rapistan argues that none of these cases are relevant to its claim as this case does not involve construction activities, medical malpractice, strict liability or tort immunity. Furthermore, Rapistan attempts to distinguish its case by noting that section 13-202 does not contain the "any action" or the "or otherwise" language which courts have often emphasized in limiting contribution claims. (See e.g. Hayes, 136 Ill.2d at 458-59, 145 Ill.Dec. 894, 557 N.E.2d 873; Thompson, 207 Ill.App.3d at 534, 152 Ill.Dec. 467, 565 N.E.2d 1385; Carlson, 231 Ill.App.3d at 495-96, 172 Ill.Dec. 897, 596 N.E.2d 176.) We note, however, that section 13-202 limits, in part, "[a]ctions for damages for an injury to the person." (Ill.Rev.Stat.1991, ch. 110, par. 13-202.) The statute at issue in Hayes, in language nearly identical to the language used by section 13-202, limited certain "action[s] for damages for injury or death." (Ill.Rev.Stat.1991, ch. 110, par. 13-212(a).) It is axiomatic that the use of the same words or phrases in different sections of a statute *253 should be given a consistent meaning unless legislative intent to the contrary is clearly evident. (Mirabella v. Retirement Board of the County Employees' Annuity and Benefit Fund (1990), 198 Ill.App.3d 971, 974, 145 Ill.Dec. 68, 556 N.E.2d 686.) Because we believe that the phrases "actions for damages for an injury to the person" should be construed in the same manner as the phrase "action for damages for injury or death," we conclude that section 13-202 is properly applied to Rapistan's claim. The date of accrual of the third-party claim is properly set by the date the third party is originally sued by the plaintiff and given notice. (Caballero, 244 Ill.App.3d at 338-39,185 Ill.Dec. 228, 614 N.E.2d 362; Rummel, 222 Ill.App.3d at 529, 164 Ill.Dec. 465, 583 N.E.2d 19.) We believe that this is the only statutory interpretation of section 13-202 consistent with the supreme court's ruling in Hayes.
In the present case, Rapistan brought its contribution action against third-party defendant Kar more than four years after it had been sued and had received notice of Clardy's claim. Therefore, Rapistan's contribution claim was brought more than four years after its contribution claims against Kar had accrued. Rapistan sought contribution from Kar for any liability Rapistan may have arising from Clardy's injuries. Because we conclude that section 13-202 required Rapistan to have brought its claim within two years of the time its action accrued, we affirm the judgment of the trial court.
We note that, at oral argument, Kar cited the recent decision in Caballero (1993), 244 Ill.App.3d 333, 185 Ill.Dec. 228, 614 N.E.2d 362 where the third division addressed the application of section 13-202 to contribution claims. In deciding that case, the Caballero court set out the rule that the limitation period applicable to all contribution actions is necessarily the same limitation period applicable to the the plaintiff's underlying direct action. In response, Rapistan urges us to reject Caballero's result and noted that Caballero has been criticized for its failure to analyze the specific language of section 13-202. (See Cook and Leyhane, Ruling Confounds Purpose of Contribution Act, Chicago Daily Law Bulletin, July 29, 1993, at 6, col.
1.) Because we base our decision directly upon our interpretation of Hayes and the language of section 13-202, however, we need not apply the rule announced in Caballero, nor do we address Rapistan's criticisms of that decision.
For the foregoing reasons, the judgement of the circuit court is affirmed.
Affirmed.
McNAMARA, P.J., and RAKOWSKI, J., concur.